Bernard F. McCaffrey, J.
In this proceeding judgment is granted dismissing the petition by an automobile liability insurer to stay arbitration demanded by respondent pursuant to the uninsured automobile indorsement.
The respondent herein alleges that on September 10,1972 while she was a passenger in a motor vehicle on the Henry Hudson Parkway near West 153rd Street, Borough of Manhattan, City of New York, said vehicle was struck by a hit-and-run vehicle as a result of which she was injured.
The petitioner claims that there was, in fact, no hit and run accident within the scope and meaning of the uninsured motorist indorsement, and that as a result thereof the within demand for 1 arbitration should be stayed.
The papers reveal that a demand for arbitration pursuant to the uninsured motorist indorsement of the policy issued by petitioner to respondent’s husband was served by certified mail on or about December 18,1972. A copy of the demand is not included in the moving papers, but it admittedly -contained the 10-day caveat to which reference is made in subdivision (c) of CPLR 7503. This proceeding was not commenced until February 16, 1973.
Obviously the proceeding is untimely. Petitioner contends, however, that as a hit-and-run accident is involved the statute (CPLR 7503, subd. [c]) is inapplicable. Reliance is placed on two unreported decisions at Special Term and on a decision of the Third Department (Matter of Frame [American Motorists Ins. Co.], 31 A D 2d 872). Decisions holding contrary to Frame *506 have been made in the First Department (Matter of Allstate Ins. Co. [Ness], 32 A D 2d 912 and Cosmopolitan Mut. Ins. Co. v. Moliere, 31 A D 2d 924). The Second Department, in State Farm Mut. Auto. Ins. Co. v. Isler (38 A D 2d 966, 967), has noted the different views expressed in the First and Third Departments, but did not pass upon the question “ whether the issue of 1 coverage ’ may be raised by an insurer which has not brought its proceeding to stay arbitration within 10 days of service upon it of a notice of intention to arbitrate and in which pro■ceedingUhere is no claim of concealment of material facts by petitioner ’ In this proceeding there is no claim that respondent has concealed any facts. Presumably she filed a notice of intention to make a claim within 90 days áfter the accident on September 10, 1972 and the petitioner had; a reasonable opportunity to investigate the facts and circumstances of the accident. No excuse whatsoever is offered for the failure to move for the stay of arbitration within 10 days after service of the demand other than what is set forth in the reply affidavit of petitioner’s attorney. The court adheres to the decisions of the Appellate Division of the First Department as set forth in Matter of Allstate Ins. Co. [Ness] (supra), and Cosmopolitan Mut. Ins. Co. v. Moliere (supra) particularly as previously noted herein the Appellate Division, Second Department, has not as yet passed on this question. Petition dismissed.